# IN THE COURT OF APPEALS OF IOWA

No. 17-0033
Filed September 27, 2017

**MATTHEW RYAN McCREA,**
    Plaintiff-Appellant,

**vs.**

**JOSHUA SCOTT BROWER,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Plymouth County, Patrick H. Tott, Judge.

Matthew McCrea appeals a district court order granting summary judgment on his claim of dental malpractice. **AFFIRMED.**

Steven R. Postolka and Stephen F. Avery of Cornwall, Avery, Bjornstad & Scott, Spencer, for appellant.

Michael J. Frey of Hellige, Frey & Roe, R.L.L.P., Sioux City, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Matthew McCrea filed a petition at law alleging Dr. Joshua Brower engaged in dental malpractice. The district court granted summary judgment in favor of Brower on statute of limitations grounds, and McCrea appealed. McCrea contends the district court erred in granting summary judgment to Brower because he did not receive notice, actual or inquiry, of his injury until a time that fell within the statutory period. The sole issue on appeal is whether there is any genuine issue of material fact as to whether McCrea failed to bring this action within two years from the time he "knew, or through the use of reasonable diligence should have known . . . of the existence of" the injury. Iowa Code § 614.1(9)(a) (2014); *see* Iowa R. Civ. P. 1.981(3).

We review the district court's grant of summary judgment for correction of errors at law. *Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 398 (Iowa 2017). "Summary judgment is appropriate if the only conflict concerns the legal consequences of undisputed facts." *Id.* (quoting *Peppmeier v. Murphy*, 708 N.W.2d 57, 58 (Iowa 2005)).

The following facts appear to be undisputed by the parties. McCrea first engaged Brower for dental treatment in April 2010. At this time, McCrea was experiencing discomfort with a tooth that he had prior issues with. Brower pulled the tooth and, less than a week later, replaced it with a titanium implant and temporary, fake tooth. McCrea's next appointment with Brower was in October 2010, the purpose of which was to have a crown placed on the implant. At this time, Brower concluded the implant was not yet strong enough for the crown to be placed and postponed the procedure. The crown was ultimately placed at an

appointment in December 2010, the completion of which required Brower to cut back the gum line above the implant. At a follow-up appointment in January 2011, McCrea reported to Brower that he thought his "gums were very high," he thought the tooth was too big, and it caused pain to his other teeth. Brower advised the discomfort would eventually subside. These issues frequently resulted in food getting caught in or around the area of the implant. McCrea repeated these complaints to Brower at a second follow-up appointment in March 2011. At this appointment, Brower advised McCrea that he may need to undergo a gum-grafting procedure.

More than two years later, in April 2013, McCrea visited a periodontist to explore the possibility of such a procedure. McCrea's primary reason for engaging the periodontist was that his gum line was too high, which resulted in food getting caught in the area around the implant—the same complaints he raised to Brower in early 2011. The periodontist concluded the area around the implant was "grossly infected," the way in which Brower handled the procedure was a "recipe for disaster," "common precautions and procedures . . . were not accomplished or were not understood" by Brower, and McCrea was "permanently disfigured" as a result.

In October 2014, McCrea filed a petition at law alleging Brower engaged in dental malpractice. Brower moved for summary judgment on statute of limitations grounds. Following a hearing, the district court granted the motion, concluding, based on factual findings generally in conformity with the foregoing, that "under the provisions of section 614.1(9), [McCrea], through the use of reasonable diligence, should have known of the injury caused by Dr. Brower's

work in 2010 at least as early as January 2011." As such, the court concluded the statute of limitations began to run in January 2011 and McCrea's October 2014 petition fell outside the two-year limitations period, thus barring the action.

McCrea's sole argument on appeal is that the statute of limitations did not begin to run until April 2013, when his periodontist specifically informed him of the injury he suffered. Based upon our review of the district court's thorough and well-reasoned ruling, we reject McCrea's argument and affirm the district court's ruling without further opinion pursuant to Iowa Court Rule 21.26(d).

**AFFIRMED.**